BEATRICE CUARTAS ET AL. *v.* TOWN OF
GREENWICH ET AL.
(5597)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 10—decision released May 10, 1988

*Kenneth A. Votre,* for the appellants (plaintiffs).

*Eugene F. McLaughlin, Jr.,* for the appellees (defendants).

DUPONT, C. J. The plaintiffs appeal from the judgment rendered on a jury verdict in favor of the defendants in this personal injury action. We find no error.

This case involves the following undisputed facts. The named plaintiff, Beatrice Cuartas, who was ten years old, was playing with her friend, who was eight years old, at the William Street playground, a public playground owned, managed, and maintained by the named defendant, the town of Greenwich.[1] Located within the playground was a flagpole with a halyard hanging from it. While Beatrice was swinging from the halyard, with her friend sitting on her lap, the flagpole broke and fell, pinning Beatrice underneath it. Beatrice suffered injuries as a result of the accident.

The plaintiff Jose Cuartas brought this action as the father and next friend of Beatrice Cuartas. The complaint, sounding in negligence, alleged damages suffered as a result of the defendants' maintenance of a dan-

---

[1] The other defendants are employees of the town of Greenwich.

gerous, defective, and unsafe condition in a public playground. Jose Cuartas also claimed damages for medical expenses paid by him for the benefit of Beatrice.

The defendants denied being negligent and, by way of a special defense, alleged that the plaintiffs were each contributorily negligent. At trial, neither the plaintiffs nor the defendants requested that interrogatories be submitted to the jury for the purpose of explaining or limiting its verdict. Practice Book § 312. The jury returned a general verdict in favor of the defendants. It must be presumed, therefore, that the jury found every issue for the defendants. *LaFleur* v. *Farmington River Power Co.*, 187 Conn. 339, 342, 445 A.2d 924 (1982); *Hanlon* v. *Stettbacher,* 13 Conn. App. 571, 572, 538 A.2d 705 (1988).

On appeal, the plaintiffs claim that the trial court erred (1) in submitting to the jury, to be determined as a question of fact, the issue of whether the maintenance of the flagpole located in the public playground was a governmental or ministerial function, (2) in failing to instruct the jury, as requested in the plaintiffs' request to charge, that the negligence of the plaintiff father cannot be imputed to the plaintiff child, (3) in allowing the jury to consider, with respect to the issue of comparative negligence, the plaintiff child's violation of a municipal ordinance prohibiting any person from climbing, walking, standing, or sitting upon any equipment, furnishing, or structure in a park not designed or customarily used for such purposes, (4) in failing to charge the jury on the doctrine of concurrent causation, (5) in failing to charge the jury on the duty of care owed by a landowner where the presence of children is to be reasonably expected, and (6) in denying the plaintiffs' motion to set aside the verdict.

The defendants argued that this court should affirm the trial court's judgment on the basis of the general

verdict rule. The plaintiffs argue that this court should not consider the applicability of the general verdict rule because the defendants failed to raise this as an issue on appeal in their statement of issues. Practice Book § 4013 (a) (1) provides that "[i]f an appellee wishes to present for review alternate grounds upon which the judgment may be affirmed . . . he shall file a preliminary statement of the issues within fourteen days from the filing of the appellant's preliminary statements of the issues." The defendant appellees in this case did not file a § 4013 (a) (1) statement of issues. They need not have done so in this case.

Where the general verdict rule is clearly applicable, compliance with Practice Book § 4013 (a) (1) is not required. See, e.g., *Logan* v. *Greenwich Hospital Assn.,* 191 Conn. 282, 309, 465 A.2d 294 (1983); *Batick* v. *Seymour,* 186 Conn. 632, 639, 443 A.2d 471 (1982); *Kelly* v. *Bliss,* 160 Conn. 128, 132–33, 273 A.2d 873 (1970). The general verdict rule is clearly applicable in this case.

"[A] general verdict must stand if the jury could have found for the defendant on any one of the material issues it had to decide." *Murteza* v. *State,* 7 Conn. App. 196, 202, 508 A.2d 449, cert. denied, 200 Conn. 803, 510 A.2d 191 (1986). "Where a jury has returned a general verdict for a defendant, it is impossible to know whether the case was resolved on the basis of the plaintiff's failure to prove the case against the defendant or on the basis of the defendant's successful assertion of a special defense." *Hanlon* v. *Stettbacher,* supra, 573.

A defendant's denial of negligence and allegation of contributory negligence "constitute two separate and distinct defenses, either one of which could support the jury's general verdict." *LaFleur* v. *Farmington River Power Co.,* supra, 342. The defendants here claim that they were not negligent. If there is no reversible error

in the charge as to the defendants' negligence, the general verdict must be affirmed.[2]

Concerning the issue of the defendants' alleged negligence, the plaintiffs on appeal claim two errors in the charge: (1) the failure of the court to charge the jury on concurrent causation; and (2) the failure of the court to charge the jury on the proper standard of care that the defendants must exercise with respect to children. Neither of these claims of error, however, was specifically raised in the plaintiffs' motion to set aside the verdict. The plaintiffs' motion simply states that the court should set aside the verdict because the "verdict is contrary to law" and "against the evidence." These general claims of the motion to set aside the verdict were not expanded upon in the plaintiffs' briefs in support of that motion. Although the plaintiffs requested oral argument on their motion, they have not filed any transcripts with this court concerning oral argument during any hearing on the motion, and we are unaware, therefore, of any attempt by the plaintiffs to raise the specific claims now presented on appeal.

In order to preserve full appellate review of a jury charge assigned as error, an appellant must not only move to set aside the verdict; *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988); but must also set forth, either in the motion itself, in supporting briefs, or in oral argument at a hearing held on the motion, each claim of error with sufficient specificity to enable the trial court to consider the claimed errors. *Voight* v. *Selman,* 14 Conn. App. 198, 200, 540 A.2d 104 (1988); see also *Pietrorazio*

---

[2] In view of our conclusion that, because no reversible error was committed as to the charge relating to the defendant's negligence, the verdict should be upheld, the claimed errors relating to comparative and imputed negligence need not be considered.

v. *Santopietro,* 185 Conn. 510, 514–15, 441 A.2d 163 (1981); *Mozzer* v. *Bush,* 11 Conn. App. 434, 437, 527 A.2d 727 (1987); *Shenefield* v. *Greenwich Hospital Assn.,* 10 Conn. App. 239, 243 n.3, 522 A.2d 829 (1987). This rule is essential in order to prevent a judicial game of pin-the-tail-on-the-claim-of-error.

Where, as here, the claimed errors on appeal were not specifically addressed in any briefs or argument in support of a motion to set aside the verdict, our standard of review is limited to a determination of whether the trial court committed "plain error," Practice Book § 4185; cf. *Pietrorazio* v. *Santopietro,* supra; *Voight* v. *Selman,* supra. We conclude that the trial court did not commit plain error in charging the jury with respect to the issue of the defendants' negligence.

"When our review is limited to the plain error standard, the appellant does not have access to plenary review. Review for plain error ' "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985).' *Kolich* v. *Shugrue,* 198 Conn. 322, 326, 502 A.2d 918 (1986)." *Small* v. *South Norwalk Savings Bank,* supra, 759.

"We consider the [plaintiffs'] claims of error in the light of this rarefied standard of review." *Small* v. *South Norwalk Savings Bank,* supra. We first consider the plaintiffs' claim that the court erred in failing to charge the jury on concurrent causation. We have reviewed the transcripts and conclude that the trial court properly instructed the jury on proximate cause. This instruction was detailed, sufficient, and correct in the law. The failure to instruct on concurrent causation as to joint and several tortfeasors, therefore, did not, in this case, rise to "any manifest injustice amount-

ing to plain error under all the circumstances." *Valley v. Fazzina,* 187 Conn. 423, 428, 446 A.2d 1068 (1982).

The plaintiffs' fifth claim of error is that the court erred in not charging the jury that "[u]nder Connecticut law [the defendants] had a duty to make that playground safe for children." This claim, as previously noted, was not specifically raised in connection with the motion to set aside the verdict.

The jury is presumed, as a consequence of its general verdict, to have found that the defendants were not negligent. We conclude upon a plain error review that the court's instructions concerning the defendants' alleged negligence were proper and adequate. Since that is so, whether the doctrine of governmental immunity would shield the defendants from liability is irrelevant.[3]

There is no error.

In this opinion the other judges concurred.

---

[3] The question of whether the defendants were protected from liability under the doctrine of governmental immunity was an issue on appeal. See *Fraser* v. *Henninger,* 173 Conn. 52, 60, 376 A.2d 406 (1977). We need not address this issue because of our disposition of this appeal on the basis of the general verdict rule, and therefore need not decide the plaintiffs' first claim of error.