VAN DYCK PRINTING COMPANY *v.*
JOHNSON GRAPHICS, LTD., ET AL.
(5746)

SPALLONE, BIELUCH and O'CONNELL, Js.

Argued March 17—decision released July 5, 1988

*William J. Nulsen,* for the appellant (defendant Vermont Castings, Inc.).

*Jonathan Katz,* for the appellee (plaintiff).

O'CONNELL, J. The defendant Vermont Castings, Inc.,[1] appeals from a plaintiff's verdict and judgment

---

[1] Vermont Castings, Inc., is the only defendant that has appealed; accordingly, as used in this opinion, the term defendant refers solely to Vermont Castings, Inc.

thereon in a breach of contract action. The defendant raises five claims of error: one directed to the form and content of special jury interrogatories, and the remaining four directed to the trial court's refusal to direct a verdict in its favor on each of the plaintiff's four separate theories of law.[2] We find no error.

The jury could reasonably have found the following facts. The plaintiff corporation contracted to print 200,000 pieces of promotional and operational material for the defendant. The plaintiff delivered the material but was not paid therefor.

At the conclusion of the evidence, both counsel stipulated to eight special interrogatories to be submitted to the jury. The defendant was apparently satisfied with these interrogatories and took no exception thereto. Following its deliberations, the jury answered the interrogatories and returned a verdict in favor of the plaintiff for $52,861.71. The court subsequently awarded interest in the amount of $32,707.71, and attorney's fees in the amount of $350. The defendant did not move to set the verdict aside.

The number and form of special interrogatories to be submitted to the jury rests in the discretion of the trial court. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole,* 189 Conn. 518, 530–31, 457 A.2d 656 (1983). In order to raise a claim of error in the form or content of special interrogatories, the appellant must preserve a claim by objection and exception. *West Haven Sound Development Corporation* v. *West Haven,* 207 Conn. 308, 317, 541 A.2d 858 (1988); *Freedman* v. *New York, N. H. & H. R. Co.,* 81 Conn. 601, 611, 71 A. 901 (1909). "In the absence of objection the [defendant] may be presumed to have assented to the submission of these questions." *Freedman* v. *New York, N. H. & H. R. Co.,*

---

[2] The legal theories advanced by the plaintiff were (1) agency in fact, (2) agency by apparent authority, (3) unjust enrichment, and (4) ratification.

supra. Accordingly, we will not review the defendant's claim of error pertaining to the jury interrogatories.[3]

Nor do we afford review to the claims of error relating to the trial court's refusal to direct a verdict in favor of the defendant. The defendant did not move to set aside the verdict on the grounds of this claimed error. It is fundamental appellate law that in the absence of a motion to set aside the verdict, the reviewing court's scope of review is limited to a plain error standard. *Housing Authority* v. *Pine Associates, Inc.,* 13 Conn. App. 489, 492, 537 A.2d 526 (1988); see Practice Book § 4185. "Review under the plain error doctrine 'is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' " *Housing Authority* v. *Pine Associates, Inc.,* supra, 492–93, quoting *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985); *State* v. *Wright,* 207 Conn. 276, 288–89, 542 A.2d 299 (1988). We note, in passing, the policy that directed verdicts are not favored by the courts. *Sestito* v. *Groton,* 178 Conn. 520, 522, 423 A.2d 165 (1979); *Kegel* v. *McNeely,* 2 Conn. App. 174, 177, 476 A.2d 641 (1984). Upon examination of the record, we conclude that the defendant has failed to show plain error.

There is no error.

In this opinion the other judges concurred.

---

[3] The defendant also argues that its stipulation as to the form and content of the interrogatories does not deprive it of the right to object and except thereto. We do not agree. See *State* v. *Shipman,* 195 Conn. 160, 165, 486 A.2d 1130 (1985) (discussing a litigant's right to claim error in a jury charge given at his request).