[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 13, 1992, the plaintiff, Grace Maki, brought this action in one count against the defendants, Pamela Vincent and Nancy Vincent, alleging negligence and carelessness in the operation of the family car. Plaintiff claims damages as a result of the injuries she sustained while riding as a passenger in the car driven by her husband, William Maki, when Pamela Vincent, operator of the car owned by Nancy Vincent, turned left colliding with the car driven by William Maki.
On June 10, 1992, the defendants filed an answer and special defense to the plaintiff's complaint. The special defense alleges that plaintiff's injuries were proximately caused by William Maki and seeks to have damages apportioned pursuant to General statutes 52-572 (h) [sic] Failing because of form in three previous attempts to add William Maki as a party defendant, the defendants now file a motion for leave to file amended answer by amending the special defense. The special defense again alleges negligence on the part of William Maki and seeks a reduction in award commensurate with the percentage of negligence attributable to him. The special defense further alleges William Maki is a settled or released person for purposes of contribution. The plaintiff timely filed an objection to the plaintiff's motion on the ground that the special defense is improper pursuant to Practice Book 164 and the laws of contribution pursuant to General Statutes [52-572 (h) [sic].
"A party may amend his pleadings or other parts of the record or proceedings . . . by order of the court . . . or by filing CT Page 9342 a request for leave to file the amendment with the amendment appended." Practice Book 176.
 [Section 176] [a]mendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion. (citation omitted)
LoSacco v. Young, 20 Conn. App. 6, 7-8, 564 A.2d 610 (1989)
The plaintiff argues that defendants' special defense is improper pursuant to Practice Book 164 as well as General Statutes 52-572h. Practice Book 164 states:
 No facts may be proved under either a general or special denial such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show . . . that he has a cause of action must be specially alleged. Thus . . . release . . . must be specially pleaded. . . .
General Statutes 52-572h states in relevant part:
 In a negligence action to recover damages resulting from personal injury . . . occurring on or after CT Page 9343 October 1, 1987, if the damages are to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for the proportionate share of the recoverable . . . damages. . . .
The plaintiff is attacking the legal sufficiency of the special defense which is improper on an objection to a request to amend. The court in granting the request to amend permits the plaintiff to raise these issues by motion. See Practice Book 152 and 379.
Accordingly, the court in ruling on this matter must look at factors such as those set forth in LoSacco, supra. Generally, trial courts have denied motions to amend special defenses only where a defendant has sought to amend the answer on the day of trial by adding seven special defenses. Capital Restorations Corporation v. Construction Services of Bristol, Inc., 25 Conn. App. 681,685, _ A.2d _ (1991), or where the defendant moved to amend during the course of trial to add a defense that plaintiff failed to exhaust his administrative remedies. Costanzo v. Hamden, 18 Conn. App. 254, 257, _ A.2d _ (1989).
In the present case, defendants' motion is neither on the eve of trial nor during trial and granting the motion at this early stage would neither delay the proceeding nor prejudice the opposing party. The defendants are permitted to amend their answer by adding a special defense, and the plaintiff's objection is overruled.
HOWARD F. ZOARSKI, JUDGE