## C. MICHAEL BUDLONG *v.* JAMES H. NADEAU
## (10612)

LAVERY, FREEDMAN and SCHALLER, Js.

Argued November 4, 1992—decision released January 19, 1993

*James H. Nadeau,* pro se, the appellant (defendant).

*Kathleen A. Murrett,* with whom was *Steven R. Dembo,* for the appellee (plaintiff).

LAVERY, J. The pro se defendant appeals from the trial court's judgment for the plaintiff following a jury trial on both the plaintiff's action for libel and the defendant's counterclaim for legal malpractice. The defendant claims that the trial court (1) improperly allowed the jury to consider evidence that was not referred to in the complaint, (2) improperly instructed

the jury regarding a number of issues, and (3) generally deprived him of a fair trial. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. In February, 1988, the defendant contacted the plaintiff to retain legal services in an action for dissolution of marriage. At the time the plaintiff began representing the defendant, a contempt motion against the defendant was pending due to an alimony arrearage owed by the defendant. The attorney-client relationship between the plaintiff and defendant began to deteriorate by the spring of 1988, when the defendant refused to follow the advice of the plaintiff regarding the contempt motion. The plaintiff notified the defendant that he would be withdrawing his appearance with regard to the contempt motion, and the defendant then filed a pro se appearance.

At a hearing on June 28, 1988, the defendant appeared pro se and agreed before the court to an arrangement whereby the attorney for the defendant's wife would be a court-appointed trustee over certain of the defendant's bank accounts to ensure the defendant's payment of alimony to his wife. After that hearing, the defendant contacted the plaintiff and asked him to remain as his attorney in the divorce action. The plaintiff agreed to this, but the defendant soon decided that he was dissatisfied with the representation provided by the plaintiff. On or about October 31, 1988, he began picketing outside the judicial district courthouse at 95 Washington Street, Hartford, wearing a sandwich board that said in large letters: "Christopher Storm [the defendant's wife's attorney] is a liar and a thief C. Michael Budlong is helping him." The defendant continued to picket the courthouse until jury selection began for this case in the trial court. The defendant's car, which he would often park in front of the courthouse during this period, had signs taped to

it that said, "Christopher Storm is a liar and a thief C. Michael Budlong is helping him" and "Honest Lawyer wanted to sue Igor Sikorsky and C. Michael Budlong for unethical law practice Call Jim Nadeau 951-8966."[1] The defendant also posted signs the size of business cards in the courthouse bearing the "Honest Lawyer" message, and an eight and one-half by eleven inch sign bearing similar allegations against the plaintiff.[2]

Subsequent to the defendant's commencing his picketing, the plaintiff filed and was granted a motion to withdraw his appearance for the defendant in the action for dissolution of marriage. The plaintiff then started an action against the defendant in libel, and the defendant filed a counterclaim for malpractice.

During the trial, the defendant failed to object at any time to the admission of evidence regarding the signs on his car, or to the admission of the business card signs.[3] In fact, the defendant himself admitted into evidence, over the objection of the plaintiff, a sign that contained a number of allegations regarding Budlong and Sikorsky, and the message that was printed on the business card signs.

"Our rules of practice make it clear that counsel must object to a ruling of evidence, state the grounds upon which objection is made, and take exception to the ruling to preserve the grounds for appeal." *State* v. *Lizotte,* 200 Conn. 734, 742A, 517 A.2d 610 (1986);

---

[1] On appeal, the defendant claims that the trial court improperly allowed the jury to consider evidence concerning the picketing after October 31, 1988, and the signs on the defendant's car because those issues and supporting evidence were not mentioned in the plaintiff's complaint. The defendant's claim is considered in this opinion.

[2] The defendant himself offered the larger sign into evidence, and it was admitted.

[3] A review of the trial transcript for August 13, 1991, reveals that the court directly asked the defendant if he had any objection to the admission of evidence regarding the signs on the car and the business card sized signs. Each time the defendant said, "No."

Practice Book § 288. "Because the defendant failed to except to the trial court's ruling and because the defendant does not seek review under the bypass rule of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), as reformulated in *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989); see *Adolphson* v. *Zoning Board of Appeals,* 205 Conn. 703, 716, 535 A.2d 799 (1988); *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 300, 541 A.2d 873 (1988) (applying *Evans* rule to civil cases); we decline to review this claim."[4] *Capitol Restorations Corporation* v. *Construction Services of Bristol, Inc.,* 25 Conn. App. 681, 686–87, 596 A.2d 927 (1991).

As the defendant correctly points out, the business card signs and the car signs were not mentioned in the plaintiff's complaint. The complaint merely alleged that the defendant picketed the courthouse with a sign that said "Christopher Storm is a liar and a thief C. Michael Budlong is helping him" on October 31, 1988, and particular dates in November of that year. Since the defendant failed, however, to object to offers of evidence beyond the scope of the complaint, he cannot now allege that the trial court improperly allowed the proffered evidence to go before the jury. "The trial court has broad discretion to determine both the relevancy and remoteness of evidence, and its rulings on evidentiary matters will be set aside on appeal only

---

[4] We note that in the last sentence of the defendant's brief *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), is apparently mentioned. That sentence says, "Defendant was deprived of his Constitutional Right to a fair trial, and all errors, under *Evans,* are plain and harmful." The defendant is probably referring to the *State* v. *Evans* we cited above, regarding reviewability of unpreserved claims, but we are not certain of this because of the citation form used. This reference to *Evans* is also located in a section of the defendant's brief that discusses only his claim that he was deprived of a fair trial. We review that claim later in this opinion. Finally, a claim that is stated but not briefed is deemed abandoned. *State* v. *Tanzella,* 28 Conn. App. 581, 602, 613 A.2d 825 (1992). The plaintiff did not properly brief an *Evans* claim in any part of the brief; therefore, we are not compelled to determine reviewability under *Evans.*

upon a showing of a clear abuse of discretion." *Henry* v. *Klein,* 15 Conn. App. 496, 500, 545 A.2d 575 (1988). We find no such abuse of discretion by the trial court in this case.

The defendant next claims that the trial court improperly instructed the jury in several respects. Again, the defendant failed to preserve this issue properly for appeal. The defendant made no written request to charge, and took only a general exception to the jury instructions.[5] "In order to preserve full appellate review of a jury charge assigned as error, an appellant must not only move to set aside the verdict; *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 758, 535 A.2d 1292 (1988); but must also set forth, either in the motion itself, in supporting briefs, or in oral argument at a hearing held on the motion, each claim of error with sufficient specificity to enable the trial court to consider the claimed errors." *Cuartas* v. *Greenwich,* 14 Conn. App. 370, 374, 540 A.2d 1071, cert. denied, 209 Conn. 803, 548 A.2d 436 (1988). Since the defendant did not preserve his claim that the trial court improperly charged the jury, we are limited in our review to whether the trial court committed "plain error."[6] Practice Book § 4185.

---

[5] At trial, after the court gave the defendant a detailed explanation of the jury instruction process, and the respective rights of the parties' during that process, the following exchange occurred:

"The Court: Do you have any exceptions to the charge that I gave? . . . I mean, you've got to tell me, to preserve this for appeal, you've got to say, this is what you did wrong, this is what you should have done. And I ask you to do it now.

"Mr. Nadeau: And then I say—I say I have an exception?

"The Court: Sure. I'll give you an exception. . . . Anything else you wish to say, sir?

"Mr. Nadeau: I'll leave it up to you, Your Honor."

[6] In *Schaffer* v. *Schaffer,* 187 Conn. 224, 227–28 n.3, 445 A.2d 589 (1982), our Supreme Court said: "Although as a general matter the rules of evidence and of the court are to be liberally applied to pro se litigants, we cannot go so far as to ignore entirely the requirement that a party's claims

Plain error "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Cuartas* v. *Greenwich,* supra, 375. The trial court's charge to the jury was detailed, comprehensible to a reasonable juror, and correct in law. The charge was not only free of plain error, it contained no error.

The defendant's final claim is that the trial court did not conduct a "fair" trial. Specifically, the defendant claims that the court erred when it removed from the counsel table a person the defendant described as a hearing assistant. At the opening of the trial, the defendant requested that, because he has some difficulty hearing, he be allowed to have a friend repeat things said during the course of the trial, or write things down for him. The court, upon determining that the defendant had a hearing problem, allowed the assistant to sit with the defendant at the counsel table, provided that she follow strict guidelines. She was only permitted to repeat things to the defendant that were said in court, or write things down. On several occasions, the court admonished the defendant's friend for coaching the defendant when the court overheard comments that were not mere repetitions of what was said. Eventually, the court ordered the assistant to leave the counsel table when she refused to heed its warnings. The court did not allow another assistant, noting that the defendant had abused the privilege of being allowed one.[7]

---

must first be presented to the trial court before they may be reviewed on appeal." This principle applies to the defendant's claims regarding evidence and the jury instructions in this case.

[7] We note that our review of the transcript reveals that the defendant did not seem any less aware of what was being said and what was transpiring in the courtroom after the removal of his assistant. We also note that on numerous occasions during the course of the trial the court asked

The actions taken by the court were clearly within its discretion. "The trial court is vested with a large discretion over matters occurring in the conduct of the trial. While this is a judicial discretion and therefore subject to some degree of review and control, its exercise will not be interfered with unless it has been clearly abused to the manifest injury of a litigant." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Kluczinsky,* 171 Conn. 516, 521, 370 A.2d 1306 (1976). "The control of the order of the courtroom is necessarily within the discretion of the trial court, and unless abused cannot be reviewed." *Antel* v. *Poli,* 100 Conn. 64, 69, 123 A. 272 (1923). Here, the trial court acted in such a way as to prevent the unlicensed practice of law from occurring in its courtroom under the guise of hearing assistance. This action was properly within the trial court's discretion.

The defendant has also raised general claims as to the fairness of his treatment by the trial court. "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." *Conservation Commission* v. *Price,* 193 Conn. 414, 421 n.4, 479 A.2d 187 (1984). The trial judge in this case complied fully with the policy of our courts concerning pro se litigants. Our review of the trial transcript revealed that the court was solicitous, fair, and extremely patient throughout the course of the trial.

The judgment is affirmed.

In this opinion the other judges concurred.

the defendant if he heard and understood what was being said, and asked opposing counsel and witnesses to speak loudly and clearly so that the defendant could hear them.