[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR SPECIAL FINDING
Gerald Dean, a defendant in the above-captioned action, has filed a motion pursuant to General Statutes § 52-226a
requesting that this court incorporate in the judgement a special finding that the action was without merit and was not brought in CT Page 11990 good faith. The movant seeks such a finding as to both plaintiffs. The other defendants have not filed a motion seeking such a finding.
The plaintiffs asserted in this lawsuit that a prior suit brought against them by Dean was a vexatious suit. The court bifurcated trial of the issues of liability and damages. The jury returned a verdict in favor of Dean and all other defendants as to liability.
The statute invoked by the defendant provides as follows:
 In any action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568.
The parties have not directed the court to any appellate case law construing this statute, and this court has not located any appellate precedents.
Scrutiny of appellate decisions in analogous contexts is useful. In Fattibene v. Kealey, 18 Conn. App. 344, 360 (1989), the Appellate Court ruled that the trial court has inherent authority to order payment of fees when the losing party has acted "in bad faith, vexatiously, wantonly of for oppressive reasons." In that context, which, like § 52-226a, involved sanctions for misuse of the courts, the Appellate Court ruled that a finding of bad faith requires evidence that the challenged actions "are entirely without color and [ware taken] for reasons of harassment or delay of for other improper purposes." The Court noted that "[w]hether a claim is colorable, for purpose of the bad-faith exception, is a matter of "whether a reasonable attorney would have concluded that facts supporting the claimmight be established, not whether such facts had beenestablished" (emphasis in original); Fattibene v. Kealey,18 Conn. App. 361, quoting Nemeroff v. Abelson, 620 F.2d 339, 348
(2d Cir. 1980). This court will apply that standard. CT Page 11991
The suit that the plaintiffs challenged as a vexatious suit alleged breach of fiduciary duties, including wrongful termination of Dean (invoked alternatively by Dean as a violation of the public policy against breach of the duties of a fiduciary), and negligent or intentional misrepresentation arising from written agreements and oral representations on which Dean alleged he had relied in continuing to serve the small corporation in which he was a 45% shareholder and O'Shea was 55% shareholder.
It is well settled that the mere fact that Dean did not prevail in his suit did not mean that it was vexatious suit. His claims of breach of fiduciary duty beyond question were made with probable cause. O'Shea and Bohonnon elected a slate of officers that reduced Dean, the man with the most knowledge of the corporation, to the same rank as Bohonnon's son, K. Wynne Bohonnon, whom they elected without even checking his willingness to serve. O'Shea, who had frequently been absent from the business because of alcoholism and depression, had the clear intention of forcing Dean out, regardless of the likely disastrous results for NCI, which Dean had been managing for many years. When one Attorney, Robert Hack, refused to help O'Shea with a plan that would have failed to give due regard to O'Shea's obligation to act as a fiduciary with respect to the minority shareholder, O'Shea went to Attorney Bohonnon, a long time acquaintance, who obliged with a plan to oust Dean from the management of the company and from its corporate governance, assisting O'Shea in obtaining control without regard to the welfare of the corporation or to the fiduciary obligations that, as a lawyer, Bohonnon knew he had assumed when he became a corporate director and officer. O'Shea adjusted his own salary not to reflect the capacity of the corporation but with the sole consideration of improving his own social security receipts.
It appears that the attorney trial referee reached the conclusion he did largely because Dean did not present at the trial some documents which plainly cvinced [convinced] O'Shea's desire to fire him. The reasons for Dean's failure to present those documents at trial is the subject of a motion to reopen the underlying judgment. That the motion is pending before another judge in the Judicial District of Fairfield at Bridgeport, and this court expresses no opinion as to that proceeding.
O'Shea admitted at trial in the case before this court that CT Page 11992 his aim was to get Dean out of the company. He denied any such aim in the trial of the Dean lawsuit. The evidence confirmed that plaintiff Bohonnon knew of O'Shea's motives and, after having been elected to a fiduciary position, promptly acted in aid of O'Shea as his individual client rather than considering the welfare of the corporation and its minority shareholder.
It is surprising that Dean did not succeed in his suit against O'Shea and Bohonnon; however, it is beyond doubt that he had probable cause to bring them, given all the facts and circumstances in existence at the time he brought suit and developed by him in the course of the suit. The standards of proving a claim of vexatious suit were clearly stated inVandersluis v. Weil, 176 Conn. 353 (1978), and even the most cursory examination of the law was sufficient to alert the plaintiffs that a claim of vexatious suit based on the claims made in counts, 1, 2, 5 and 6 was not a colorable claim, was totally without merit and was unwarranted. The court finds that in pursuing these claims against Dean, the plaintiffs proceeded in bad faith and with a desire to punish and burden him for bringing suit and, in the case of Mr. O'Shea, to harass him in retaliation for perceived ingratitude. The plaintiffs offered testimony that was in a disturbing number of instances at variance with their testimony on the same subjects at the first trial and at their depositions. In closing argument Mr. O'Shea accused Dean of conspiring with his attorneys to create a false document and to attach it to corporate minutes when the same document was shown to exist in the plaintiffs' own file and when they had made no contemporaneous objection to the document.
Since the plaintiffs challenged all counts of Dean's suit as vexatious (apparently even the seventh count, which was not even directed at them but at another defendant, Norwalk Container, Inc.), this court must analyze whether a finding of lack of merit and lack of good faith is warranted with regard to the claim that counts 3 and 4 of the Dean complaint were vexatious. InDeLaurentis v. New Haven, 220 Conn. 225, 253-255 (1991), the Connecticut Supreme Court ruled that each charge or claim must be examined, and that a plaintiff may prevail in a claim of vexatious suit if any of the charges, was pursued without probable cause. The same scrutiny appears to be warranted as to § 52-226a.
This court denied Dean's motion for a directed verdict at the close of the plaintiffs' evidence solely because the CT Page 11993 determination whether Dean's charges based on detrimental reliance on knowing or negligent misrepresentations were supported by probable cause depended on inferences and assessments of motivation, which were the province of the jury. The Connecticut Supreme Court, moreover, characterizes motions for a directed verdict as disfavored. Sestito v. Groton,178 Conn. 520, 522 (1979); VanDyck Printing Co. v. Johnson Graphics,
Ltd., 15 Conn. App. 119, 1231 (1988). Because the present plaintiffs' suit was not divided into counts alleging that particular counts of the Dean lawsuit were vexatious, this court had to instruct the jury that if any claim had been brought without probable cause, a finding of vexatious suit could be made. The submission of the case to the jury because of the unseparated nature of the plaintiffs' claim does not, however, alter this court's conclusion that the plaintiffs' action was without merit and was not brought in good faith. Since there was no basis for a claim of vexatious suit as to most of Dean's suit, assertion of a claim based on counts 3 and 4 would have required O'Shea and Bohonnon to prove that the pursuit of counts 3 and 4 alone was the proximate cause of the damages they claimed, that is, costs of defense. Since every witness who testified as to counts 3 and 4 was also necessary to trial of the other counts, the present plaintiffs could not claim in good faith that their costs were caused by the maintenance of these counts, and their pursuit of the undifferentiated claim as whole was without merit and in bad faith.
This court orders that the following finding be incorporated in the judgment:
 The action of plaintiffs O'Shea and Bohonnon was without merit and was not made in good faith.
Beverly J. Hodgson Judge of the Superior Court