[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Facts:
The plaintiff was employed by defendant Ethan Allen, Inc. in July, 1992. Beginning in September, 1992, defendant Kathwari, an employee of Ethan Allen, Inc. allegedly made repeated sexual advances towards the plaintiff and threatened her job's stability when she refused to submit to his sexual advances. In July, 1993, the plaintiff became ill, she was subsequently dismissed from her employment in August, 1993. The plaintiff has filed this suit alleging breach of contract, wrongful termination, infliction of severe emotional distress caused by defendant Kathwari's alleged sexual harassment and threatening of her employment stability, and negligence on behalf of Ethan Allen, Inc. as it was aware of Kathwari's tendency to harass female employees but did nothing to prevent his behavior. . . .
Discussion:
Any person alleging discrimination may file a complaint with the CCHRO within 180 days after the alleged act of discrimination. General Statutes §§ 46-82(a) and 46-82(e). The CCHRO has nine months in which to investigate the complaint and to determine whether reasonable cause exists to indicate that discrimination occurred (in certain circumstances this investigatory period may be extended an additional three months). General Statutes § 46a-82(d). A finding of no reasonable cause may be appealed, and reconsideration of the complaint must be effected within three months of the original finding of no reasonable cause. General Statutes § 46a-82(e). If the investigation reveals that probable cause does exist, the Commission must attempt to resolve the dispute within sixty days of a finding of reasonable cause by means of conference, conciliation and persuasion. General Statutes § 46a-83(f).
A person who has filed a complaint alleging discrimination with the CCHRO under General Statutes § 46a-82 may also file a suit in the Superior Court if the complaint filed with the CT Page 1354 Commission was filed within the statutory 180 day period, and the Commission has released the complaint according to the terms of § 46a-101. General Statutes § 46a-100. A release may be obtained from the Commission if the complaint filed is still pending after 210 days from the date of filing. General Statutes § 46a-101(b). However, no action may be brought in the Superior Court unless the Commission releases the complaint in accordance with § 46a-82. General Statutes § 46a-101(a).
Sections 46a-100 and 46a-101 were enacted in 1991 as the legislature wanted to give complainants the opportunity to take their complaints to court before the Commission had resolved them. The proponents of these sections believed that complainants needed a release from the then prevailing law requiring the complainant to go to the Commission, and, if not satisfied with the results, the complainants could then go to the court. These sections were proposed to give a complainant an alternative in the event that its complaint became drastically delayed due to the backlog faced by the CCHRO. The opponents of these sections pointed out that the court system was itself backlogged, but the legislature ultimately decided that justice would be better and more expeditiously served if complainants were able to utilize both systems. 34 H.R. Proc., Pt. 23, 1991 Sess., pp. 8906-8926.
Before §§ 46a-100 and 46a-101 were enacted, courts routinely dismissed complaints brought under the Fair Employment Practices, Act, § 46a-51 et seq, in which the complainant had not exhausted its administrative remedies. These complaints were dismissed because the court lacked subject matter jurisdiction until the applicant had exhausted any administrative remedy available to it. [Citations omitted.]
Since the enactment of §§ 46a-100 and 46a-101 the court has dismissed employment discrimination suits where the complainants have not exhausted the administrative remedies available to them on the ground that it lacks subject matter jurisdiction. [Citations omitted.]
The foregoing cases dictate that it is necessary to first file a sexual harassment claim with the CCHRO regardless [of] the nature of the relief prayed for, as the decision of the CCHRO may in any event be appealed in terms of § 46a-94(a). Furthermore, since the enactment of §§ 46a-100 and 46a-101, the case law conforms with the legislative intent that a complainant first file a complaint with the CCHRO and obtain a CT Page 1355 release if she wishes to bring the suit in civil court.
The argument that the statute's permissive language does not oblige a complainant to first file a suit with the CCHRO is also contrary to the legislative intent of §§ 46a-100 and 46a-101. Furthermore, it is a settled principal of administrative law that if an adequate administrative remedy exists a litigant must exhaust it before a Superior Court may obtain jurisdiction over the matter. Owner-Operators Independent Drivers Association ofAmerica v. State, 209 Conn. 679, 687, 553 A.2d 230 (1987). Thus, if it were optional to file a complaint with the CCHRO, it would be contra the established doctrine of exhaustion of administrative remedies. Finally, Thaibault v. Woodward GovernorCompany, supra, 6 Conn. L. Rptr. 543 and Murphy v. MidwesternConnecticut Council on Alcoholism, 2 Conn. L. Rptr. 203 (1990), held although the statute dictates the need to file an administrative suit before a legal suit as optional, when read in conjunction with the intent of the statute, it becomes obligatory to first file an administrative suit. Sullivan v. Board of PoliceCommissioners of Waterbury, 196 Conn. 208, 215, 491 A.2d 1096
(1985).
The plaintiff relies on the unpublished case of St. Germainev. Ensign Bickford, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 539310 (December 20, 1994, Wagner, J.), which held the plaintiff's complaint of sexual harassment could be filed directly with the Superior Court without first filing it with the CCHRO, and the court would not be deprived of its jurisdiction because the CCHRO could not provide an adequate remedy for the complaint. The court decided that the complainant's claim fell within the narrow exception where it is not necessary to pursue administrative remedies that are plainly inadequate. Sullivan v. Board of PoliceCommissioners, supra, 196 Conn. 216, 217; Costanzo v. Hamden,18 Conn. App. 254, 557 A.2d 1279 (1989) (an administrative remedy cannot encompass a monetary award). The court in Richter v.Hoffman, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 83842 (June 11, 1991, Lewis, J.), held the administrative remedy available to the plaintiff alleging sexual harassment was inadequate, and therefore the plaintiff did not have to exhaust the available administrative remedies before bringing suit in the Superior Court.
The facts in Costanzo v. Hamden, supra, 18 Conn. App. 254, can be distinguished from the case at bar. In Costanzo the town CT Page 1356 demolished a portion of the plaintiff's house that had previously been damaged by fire. The plaintiff sued for damages for the cost of the repair to the house, sidewalks and driveways damaged in the demolition effort. The defendant responded that the plaintiff was first required to apply for a zoning variance before rebuilding the house, and that the failure to first exhaust administrative remedy barred the plaintiff from bringing an independent action for damages. The necessity of applying for a zoning variance in this situation would have been a futile act, and would clearly not provide a remedy for the damages that the plaintiff suffered. The court held it was not necessary that the plaintiff exhaust the proposed administrative remedy before bringing an action in court.
In Sullivan v. Board of Police Commissioners of Waterbury, supra, 196 Conn. 216, 217, [it] was held the remedies afforded by the CCHRO were not inadequate and that the plaintiff was therefore compelled to first file his complaint with the CCHRO. Id., 617.
The plaintiff's reliance on St. Germain, supra, is misplaced as the CCHRO filing requirement does not deprive the plaintiff of the opportunity to pursue her claim in Superior Court and to collect compensatory or punitive damages, as she suggests. Plaintiff overlooks the fact that, although an employment discrimination complaint must be initiated at the CCHRO, the statute allows the plaintiff to elect either to pursue the matter to resolution at the agency through an administrative hearing, or to obtain a release from the CCHRO after 210 days to pursue the matter in the Superior Court. General Statutes § 46a-101.
The legislature has mandated that all employment discrimination actions be initiated at the CCHRO, and has imposed a 210 day waiting period before permitting filing in Superior Court because it has determined that the CCHRO should first be given the informal mechanisms available to it, such as mediation, fact finding conferences, and other forms of alternative dispute resolution. See General Statutes § 46a-83(c). It is only after satisfying the CCHRO filing requirement and waiting 210 days that a plaintiff gains the right to obtain a release to proceed in Superior Court.
Based on the foregoing, the court finds that it has no subject matter jurisdiction over the third count of the complaint and dismisses it.
Karazin, J. CT Page 1357