[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR ORDER TO AMEND RETURN DATE (FILE #102.75)AND DEFENDANT'S OBJECTION (FILE #104)
Plaintiff, appearing pro se, has moved for entry of an order to amend the Wednesday, October 9, 1996 return date on her complaint (filed 9/30/96).[1] The motion was filed in response to an October 28, 1996 ruling granting defendant's motion to dismiss unless plaintiff properly amended the return date pursuant to General Statutes Section 52-72 within three weeks.[2] Defendant objects to plaintiff's motion and again asks that the action be dismissed since the return date was not properly amended, in compliance with the requirements of Section 52-72 (b), within said three week period.
Plaintiff's motion is accompanied by a notarized "Certification of Service" in which plaintiff certifies that a copy of the motion and accompanying papers were sent by certified mail to defendant's attorney; a copy of the certified mail receipt is attached to this form. Defendant argues that this constitutes improper service, pursuant to General Statutes § 52-72 (b). It is unclear, however, whether plaintiff intended this motion to serve as her complaint with an amended return date, or, whether plaintiff was merely mailing a copy of the motion to the defendant by certified mail.
Service of process upon a corporation is governed by General Statutes Section 52-57 (c). Defendant is technically correct in asserting that an amended writ, summons and complaint were not served in accordance with the Court's October 28, 1996 order, or as per General Statutes §§ 52-57 (c) and 52-72 (b). It seems evident, however, that the pro se plaintiff failed to understand that she already had an order CT Page 5740 to amend the return date on her complaint and to properly
serve the defendant.
Connecticut courts have "always been solicitous of the rights of pro se litigants and . . . endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." Budlong v. Nadeau,30 Conn. App. 61, 67, cert. denied. 225 Conn. 909, ___ U.S. ___, 114 S.Ct. 62, 126 L.Ed.2d 31 (1993). "Although [Connecticut courts] will not entirely disregard [their] rules of practice, [they] do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." LoSacco v. Young, 20 Conn. App. 6, 9 cert. denied,213 Conn. 808 (1989).
For the reasons stated, plaintiff's motion for an order to amend her complaint (correct return date) is Granted; and defendant's objection to the said motion is Overruled.
It is further Ordered as follows: unless plaintiff properly amends the return date of her complaint in accordance with General Statutes Section 52-48, and properly serves defendant in compliance with General Statutes Sections 52-50,52-57, and 52-72, within four (4) weeks of the date hereof, the defendant's motions (#101 and #104) are to be granted, dismissing this action.
Mulcahy, J.