## STATE OF CONNECTICUT *v.* LAMONT A. BARNES
### (11640)

LANDAU, FREEDMAN and SCHALLER, Js.

Argued November 3, 1993—decision released February 15, 1994

*Susan M. Hankins,* assistant public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Edward Wilson,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from his conviction, rendered after a jury trial, of larceny in the third degree in violation of General Statutes § 53a-124 (a) (2).[1] The defendant claims that the trial court improperly (1) instructed the jury as to the value of the property taken, (2) penalized the defendant at sentencing because he would not admit his guilt, (3) excluded testimony on cross-examination thereby violating the defendant's constitutional rights to confrontation and to present a defense, and (4) instructed the jury as to its duties.

The jury reasonably could have found the following facts. On December 21, 1991, at approximately 12:20 p.m., Julius Levine was watching television in his living room when the defendant knocked on his door. Levine had been acquainted with the defendant for fifteen years through a mutual friend. Levine allowed the defendant to join him. In Levine's living room was a Christmas tree with several gifts beneath it. At about 1:30 p.m., Janice Levine, Julius' wife, returned from shopping. She had purchased a set of crystal dishes and a pair of men's white Nike sneakers, which she placed with the other gifts under the tree. She also purchased a pair of boys' white Fila sneakers for their son. The son told the defendant how much he liked his new sneakers. While the defendant was at the Levine's, he helped Levine move some chairs to the basement.

The Levines prepared for a Christmas party while the defendant cut their son's hair downstairs. At

---

[1] General Statutes § 53a-124 (a) provides in pertinent part: "A person is guilty of larceny in the third degree when he commits a larceny as defined in section 53a-119 and . . . (2) the value of the property or service exceeds one thousand dollars . . . ."

General Statutes § 53a-119 provides in pertinent part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner. . . ."

approximately 6:45 p.m., the defendant left the Levines' house. The Levines left for their scheduled party at 7:30 p.m. and took their children to a neighbor's house. Upon their return at 10:30 p.m., the Levines discovered the backdoor open, the basement window kicked in, and the presents and other items missing. Gift wrappings were found in the Levines' backyard in a trash bag. The missing items included a VCR, sweaters, pants, two sterling bracelets, boots, the sneakers, the set of dishes, Barbie dolls, doll accessories, and many other articles. The value of the missing merchandise was $2100.[2]

That same evening, the defendant visited a friend, Shelly Brown, whose house was within walking distance of the Levines'. The defendant showed Brown two children's sterling bracelets, which he claimed he had purchased. The defendant left Brown's house and returned with two shopping bags of items that included clothing, baby doll accessories, a set of crystal dishes, a pair of men's Nike sneakers and a pair of boys' Fila sneakers. Brown bought the set of crystal dishes from the defendant for $10.

On December 22, 1991, Edward Hill visited Brown's house and took the set of dishes from her. Hill returned the dishes to the Levines who acknowledged that the set was the one that Janice Levine had purchased the day before. Brown was visited by the police and Levine; she gave a signed statement as to the circumstances of the defendant's visit and sale to her of the dish set.

I

The defendant first claims that the trial court's instruction to the jury concerning larceny in the third degree as to the element of value diluted the state's burden of proof, thereby violating his due process

---

[2] The Levines' submitted receipts to their insurance company, which reimbursed them $2100.

rights. The defendant concedes that this claim was not preserved at trial. He seeks review under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), and *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973). In *Golding,* the Supreme Court held that a defendant can prevail on an unpreserved claim of error if all of the following conditions are met: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding,* supra, 239–40. "Although we generally do not consider a claim regarding the giving of an improper instruction or the failure to give a proper instruction unless the claim is properly preserved at trial . . . [t]his court has consistently held that a claim that the judge improperly instructed the jury on an element of an offense is appealable even if not raised at trial." (Citation omitted; internal quotation marks omitted.) *State* v. *Hinton,* 227 Conn. 301, 308, 630 A.2d 593 (1993). Because this defendant's claim concerns the value of property acquired by the defendant, an essential element of the crime of larceny in the third degree, he has satisfied the second prong of *Golding.*

The defendant's claim fails under the third criterion of *Golding* because the alleged constitutional violation does not clearly exist. The defendant argues that the jury instruction required the state to prove only that the value of the goods taken from the Levines exceeded $1000 instead of requiring the state to prove that the value of the goods taken by the defendant exceeded $1000.[3] The state's contention is that the information,

---

[3] The instruction of which the defendant complains is as follows: "The state must prove beyond a reasonable doubt that the defendant committed

which provided a clear and accurate recitation of the offense of larceny in the third degree, was incorporated into the jury instruction, and, therefore, there was no reasonable possibility that the challenged portion of the charge diluted the state's burden of proof. We agree with the state.

"In reviewing a constitutionally based challenge to the court's instructions to the jury, we must examine the charge as a whole to determine whether it is reasonably possible that the jury was misled by the challenged instruction. *State* v. *Snook,* 210 Conn. 244, 275–76, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989); *State* v. *Bailey,* 209 Conn. 332, 338, 551 A.2d 1206 (1988)." *State* v. *Ober,* 24 Conn. App. 347, 358, 588 A.2d 1080, cert. denied, 219 Conn. 909, 593 A.2d 134, cert. denied, U.S. , 112 S. Ct. 319, 116 L. Ed. 2d 26 (1991). "The charge is not to be judged in artificial isolation from the overall charge. *State* v. *Kelly,* 23 Conn. App. 160, 164, 580 A.2d 520 (1990), cert. denied, 216 Conn. 831, 583 A.2d 130, cert. denied, 449 U.S. 981, 111 S. Ct. 1635, 113 L. Ed. 2d 731 (1991)." *State* v. *Falcon,* 26 Conn. App. 259, 269, 600 A.2d 1364 (1991), cert. denied, 221 Conn. 911, 602 A.2d 10 (1992). An error in the charge requires reversal only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict. *State* v. *Bailey,* 209 Conn. 322, 338, 551 A.2d 1206 (1988).

The jury was adequately instructed on the crime of larceny in the third degree and there is no reasonable

larceny as set forth in the information, and as that has now been defined for you, and, further, that the state has proven beyond a reasonable doubt that the property allegedly stolen from the Levines had a value exceeding $1000 as value as now been defined for you.

"If you find that the state has proven these elements beyond a reasonable doubt, you can find the defendant guilty of larceny in the third degree as is alleged in the second count of the information."

possibility that the jury was misled by the charge. Our review of the charge in its entirety indicates that the trial court, which did make a misstatement as to value,[4] did in fact incorporate the information into the jury charge. Prior to delivering the challenged instruction, the trial court read the information to the jury.[5] The court also charged the jury on General Statutes § 53a-124 (a) (2), larceny in the third degree.[6] See *State v. Pollitt,* 205 Conn. 132, 151, 531 A.2d 125 (1987) (jury instruction not misleading where court read information and relevant part of statute before charge was given). The claim of error the defendant is asserting is an attempt to isolate a small portion of the charge. See *State* v. *Giannotti,* 7 Conn. App. 701, 707, 510 A.2d 451, cert. denied, 201 Conn. 804, 513 A.2d 700 (1986). Upon review of the entire charge, it is not reasonably possible that the jury was misled in reaching its verdict. Therefore, the defendant has failed to demonstrate that a constitutional violation clearly exists as required by *Golding* for unpreserved claims, and we will not review this claim.

## II

The defendant claims that the trial court's consideration at his posttrial sentencing of the defendant's insis-

---

[4] The state was required to prove that the value of the property stolen by the defendant exceeded $1000, not as the trial court stated, "that the property allegedly stolen from the Levines had a value exceeding $1000 . . . ."

[5] The court's instruction that incorporated the information was as follows: "The second count of the information accuses Lamont Barnes of larceny in the third degree, and charges that . . . Lamont Barnes, with the intent to deprive another of property or to appropriate the same to himself or a third person, wrongfully took such property valued at more than $1,000 from its owners, Julius and Janice Levine, in violation of Connecticut General Statutes § 53a-124a (a) (2)."

[6] The trial court stated: "[T]he defendant has been charged with a violation of larceny in the third degree, § 53a-124a (a) (2). That section of our penal code states, 'A person is guilty of larceny in the third degree when he commits larceny, and the value of the property exceeds $1000.' "

tence of innocence and his refusal to assume responsibility violated his constitutional rights to due process, a fair trial, his right against self-incrimination, and his statutory right to appeal. He asserts that the trial court penalized him at sentencing because he continued to maintain his innocence. This claim was also unpreserved and the defendant seeks review under *Golding* and *Evans.* We conclude that the defendant has not satisfied the third prong of *Golding* in that he has not established the existence of a clear constitutional violation.

" 'A sentencing judge has very broad discretion in imposing any sentence within the statutory limits . . . .' " *State* v. *Huey,* 199 Conn. 121, 126, 505 A.2d 1242 (1986). In exercising that discretion, a judge may "consider a wide variety of information" sufficiently reliable without offending the principles of due process. Id., 127.[7] In *Huey,* as in the present case, the defendant did not assert his privilege against self-incrimination, but instead, with legal representation, voluntarily responded to the court's offer to address the court. The *Huey* court held that the privilege against self-incrimination, under such circumstances, is not self-executing and a defendant wanting to assert his fifth amendment right must assert it in a timely fashion. Id., 129. No attempt was made by the sentencing judge to force the defendant to admit guilt; he was merely given the opportunity to present his version of the incident. This is a perfectly acceptable practice in sentence hearings and the judge has the discretion to believe the defendant's version or not. Id.

---

[7] "As long as the sentencing judge has a reasonable, persuasive basis for relying on the information which he uses to fashion his ultimate sentence, an appellate court should not interfere with his discretion." *State* v. *Huey,* 199 Conn. 121, 127, 505 A.2d 1242 (1986), citing *United States* v. *Campbell,* 684 F.2d 141, 154 (D.C. Cir. 1982); *United States* v. *Robelo,* 596 F.2d 868, 870 (9th Cir. 1979).

Our Supreme Court, in *Huey,* held that the trial court's consideration of a defendant's denial of guilt at a sentence hearing was an acceptable factor for a sentencing judge to consider when formulating a just sentence because it is indicative of a defendant's rehabilitative potential. Id.[8] The court's position in *Huey* is consistent with the decisions of other jurisdictions that have considered identical claims of error. In *United States* v. *Miller,* 589 F.2d 1117 (1st Cir. 1978), cert. denied, 440 U.S. 958, 99 S. Ct. 1499, 59 L. Ed. 2d 771 (1979), the Court of Appeals for the First Circuit held that the sentencing court's consideration of the defendant's failure to recant is acceptable in determining an individual's potential for rehabilitation. Id., 1138. The *Miller* court differentiated this practice from the unacceptable practice of punishing a defendant for maintaining his innocence. Id. Likewise, several other jurisdictions, both federal and state, recognize that a continued protestation of innocence and lack of remorse indicate to the sentencing judge the individual's prospect for rehabilitation. See *United States* v. *Johnson,* 903 F.2d 1084, 1090–91 (7th Cir. 1990); *People* v. *Ward,* 113 Ill. 2d 516, 531–32, 499 N.E.2d 422 (1986); *People* v. *Wesley,* 428 Mich. 708, 714–15, 411 N.W.2d 159, cert. denied, 484 U.S. 967, 108 S. Ct. 459, 98 L. Ed. 2d 399 (1987).

In the present case, the sentencing judge properly related the defendant's refusal to admit responsibility and claims of innocence to the likelihood of his rehabilitation, rather than imposing a harsher punishment for his recalcitrant nature. Given the broad discretionary powers of sentencing judges, the Supreme Court's holding in *Huey,* and similar rulings in other jurisdictions, we conclude that the defendant has not satisfied

---

[8] The *Huey* court held that the trial court's consideration of the defendant's denial of an element of a crime with which he was no longer charged and to which he did not plead guilty was indicative of a lack of potential for rehabilitation and did not violate the defendant's right to due process.

the third prong of *Golding*. He cannot prevail on this unpreserved claim because it is not reviewable.

## III

The defendant claims that the trial court's exclusion of testimony on cross-examination violated his constitutional rights to confrontation and to present a defense.[9]

The trial court did not allow the defendant to elicit testimony from Levine on cross-examination as to whether Levine suffered from drug addiction or whether he and his wife were experiencing financial difficulties. The defendant contends that such testimony would have demonstrated the victims' motive for reporting a false theft claim in order to collect insurance money. The defendant argues that the trial court abused its discretion in excluding the testimony. We disagree.

It is undisputed that the defendant has a right to confront and to cross-examine witnesses against him for the purpose of exposing prejudice, bias or motive. U.S. Const., amends. VI, XIV; Conn. Const., art. I, § 8; *State* v. *James L.*, 26 Conn. App. 81, 83, 598 A.2d 663 (1991). Neither the state nor the federal constitution, however, "requires that the defendant be permitted to present every piece of evidence he wishes." *State* v. *James L.*, supra. "If the proffered evidence is not relevant, the defendant's right of confrontation is not affected and the evidence should be excluded." Id., citing *State* v. *Kelly*, 208 Conn. 365, 376, 545 A.2d 1048 (1988). In determining the scope of cross-examination, the trial court is granted broad discretion. *State* v. *Cooper*, 227 Conn. 417, 431, 630 A.2d 1043 (1993).

[9] The defendant raises this claim under the sixth and fourteenth amendments to the United States constitution and the first article of the Connecticut constitution. Because he fails to analyze his claim under the state constitution, we limit our analysis to the guarantees of the federal constitution. *State* v. *Joly*, 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991).

During cross-examination of Levine, the defendant posed questions to the state's witness and the state objected to each question.[10] The trial court sustained each objection, and the proffered testimony was excluded. The defendant took exceptions, but the defendant failed to present an offer of proof as to Levine's alleged motive to fabricate a theft claim.

In order to evaluate any claim of error, this court must be furnished with "an adequate record on which to review the rulings of the trial court . . . ." *State v. James L.*, supra, 86. It is the appellant's burden to create an adequate appellate record to support his claim. Id., 84. The defendant has failed to meet this burden. "If he wanted to provide this court with an adequate appellate record, he should have presented an offer of proof. An offer of proof, properly presented, serves three purposes. First, it should inform the court of the legal theory under which the offered evidence is admissible. Second, it should inform the trial judge of the specific nature of the offered evidence so the court can judge its admissibility. Third, it thereby creates a record adequate for appellate review." (Inter-

---

[10] The following are the inquiries that occurred:

"[Defense Counsel]: Do you have a drug problem?

"[Assistant State's Attorney]: Objection, Your Honor.

"[Mr. Levine]: No.

"The Court: Yes, that's sustained. It's to be disregarded by the jury.

"[Defense Counsel]: Did you and [Janice Levine] have a discussion then about finances?

"[Mr. Levine]: No.

"[Defense Counsel]: After she had come from the store?

"[Mr. Levine]: About finances?

"[Defense Counsel]: Yeah, money?

"[Mr. Levine]: No.

"[Defense Counsel]: You weren't having any financial problems then at all?

"[Assistant State's Attorney]: Objection, Your Honor.

"The Court: It's sustained.

"[Mr. Levine]: No.

"The Court: That answer is to go out. The objection is sustained; therefore, the question isn't answered for the record."

nal quotation marks omitted.) Id., 84–85. The defendant did not make an offer of proof corroborating his theory that the Levines' ulterior motive in claiming theft was to commit insurance fraud.

" 'The significant gap in the record . . . limits our review and presents obstacles to reviewing the defendant's claim of error on this appeal. . . . In the absence of an appropriate offer of proof, this court cannot speculate as to what line of questioning defense counsel intended to follow. A claim on appeal cannot be based on an assumption that the trial court acted improperly. . . . Without an adequate record on which to review the rulings of the trial court, this court must assume that the trial court acted properly. . . .' " (Citations omitted.) Id., 85–86. Thus, we conclude that the defendant's right to confrontation and to present a defense were not abrogated.

## IV

The defendant's final claim is that the trial court's charge to the jury regarding its duty violated his constitutional rights because it was unfairly slanted in favor of conviction. This claim is based on the following language: "If the Court has expressed or intimated any opinion as to the facts, you are not bound by that opinion. What the verdict shall be is your sole and exclusive duty and responsibility.

"The defendant justly relies upon you to carefully consider his claims, to carefully consider all of the evidence and find him not guilty if the facts and the law require such a verdict. He rightfully expects fair and just treatment at your hands.

"The state of Connecticut and its people, on the other hand, look to you as sworn officers of the court to deal fairly, firmly, honestly and justly as strong minded persons with the interests of the state in your hands as

an arm of this court to aid in upholding the law of the land and to render a verdict of guilty if the facts and the law require such a verdict."

The defendant argues that the charge given implied that if the jurors "as sworn officers of the court" with duties of "strong minded persons" vote to acquit, they would be evading their responsibilities. He claims that that implication violates his rights to due process.[11] This claim was not preserved at trial; therefore, the defendant seeks review under the *Golding* doctrine and, alternatively, the plain error rule.[12] We conclude that the trial court's instruction did not constitute a violation of constitutional dimension or plain error.

Our Supreme Court's decision in *State* v. *Walton*, 227 Conn. 32, 630 A.2d 990 (1993), addressed the defendants' unpreserved claim that the trial court's charge was unfairly slanted toward conviction with virtually identical instructions as those complained of in this case.[13]

The *Walton* court made clear "that jurors are no less 'officers of the court' and act no less as an 'arm of the court' if they vote to acquit rather than to convict"; id., 63; the court expressed the preference that a trial

---

[11] The defendant claims violation of both the United States constitution and the state constitution. He fails, however, to analyze independently the state constitutional claim; therefore, we limit our review to the federal guarantees. *State* v. *Joly,* 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991).

[12] Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interest of justice notice plain error not brought to the attention of the trial court. . . ."

[13] The following language was the basis of the defendants' complaint in *Walton:* "The state of Connecticut . . . looks to you as sworn officers of the court to deal with this case fairly, firmly and honestly as strong minded men and women and with the interest placed in your hands as an arm of the court to aid and uphold the law of the land by rendering a verdict of guilty if the facts and the law require such a verdict." (Internal quotation marks omitted.) *State* v. *Walton,* 227 Conn. 32, 63, 630 A.2d 990 (1993).

court omit such language or be as laudatory toward acquittal as toward conviction. The court concluded that the defendant's claim failed to meet the second requirement of *Golding,* i.e., that "the claim is of constitutional magnitude alleging the violation of a fundamental right." *State* v. *Golding,* supra, 239. Under the circumstances of the *Walton* case, the court concluded that the defendants had clothed a nonconstitutional claim in constitutional garb. *State* v. *Walton,* supra, 64.[14] The same claims and arguments presented in this case were made and resolved in *State* v. *Walton,* supra. We conclude that the defendant's claim does not rise to the level of constitutional error.

The defendant's claim does not constitute plain error. Plain error review "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *Budlong* v. *Nadeau,* 30 Conn. App. 61, 66, 619 A.2d 4 (1993). Our review indicates that the instructions were appropriately evenhanded. The trial court informed the jurors of their duties as fact finders, a job not permitting them "to resort to guesswork, conjecture or suspicion." The charge instructed the jury "to carefully consider all of the evidence and find [the defendant] not guilty if the facts and the law require such a verdict." We are not persuaded that the challenged language comprises an error so apparent as to affect the fairness and integrity of the proceedings. We will not review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[14] The court held that the defendant's unpreserved claim had not met the third criterion of *Golding* as well.