STATE OF CONNECTICUT *v.* LAMONT BARNES
(14928)

PETERS, C. J., and CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued February 6—decision released May 2, 1995

*Susan M. Hankins*, assistant public defender, for the appellant (defendant).

*Mitchell S. Brody*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Edward Wilson*, assistant state's attorney, for the appellee (state).

NORCOTT, J. The sole issue in this certified appeal[1] is whether the trial court improperly precluded the defendant, Lamont Barnes, from eliciting on cross-examination testimony that allegedly would have demonstrated that the victim of the defendant's alleged larceny had a motive to fabricate his testimony, thereby violating the defendant's rights to confrontation and

---

[1] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court correctly conclude that, in the absence of an offer of proof, the defendant failed to present an adequate record to permit review of the trial court's limitation of his cross-examination of the victim to establish a motive to fabricate a claim of theft?" *State* v. *Barnes*, 229 Conn. 913, 642 A.2d 1210 (1994).

to present a defense under the sixth and fourteenth amendments to the United States constitution. The defendant was convicted, after a jury trial, of larceny in the third degree in violation of General Statutes § 53a-124 (a) (2).[2] The Appellate Court affirmed his conviction; *State* v. *Barnes*, 33 Conn. App. 603, 637 A.2d 398 (1994); and we granted the defendant's petition for certification. Although we disagree with the Appellate Court's reasoning, we affirm the judgment on other grounds.

The underlying facts of this case are adequately set forth in *State* v. *Barnes*, supra, 33 Conn. App. 604–605, and may be briefly summarized as follows: On December 21, 1991, the defendant visited Julius Levine, with whom he had been acquainted for fifteen years. Levine invited the defendant into his living room where several gifts, recently purchased by Janice Levine, Julius' wife, were displayed beneath a Christmas tree. The defendant left the Levine home after approximately six hours, and the Levines decided to leave and attend a party. Upon returning from that party later that evening, the Levines discovered that their home had been burglarized and that some dishes and other items valued at $2100 had been taken. The same evening, the defendant had visited a friend, Shelly Brown, and showed her some things that he claimed to have purchased, and sold one of the items, a set of dishes, to her for $10. The next day, Brown gave the dishes to Edward Hill, who returned the dishes to the Levines

[2] General Statutes § 53a-124 (a) provides in pertinent part: "A person is guilty of larceny in the third degree when he commits a larceny as defined in section 53a-119 and . . . (2) the value of the property or service exceeds one thousand dollars . . . ."

General Statutes § 53a-119 provides in pertinent part: "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."

and gave a signed statement to the police as to the circumstances of the defendant's visit and the sale of the dishes to Brown.

At trial, in an attempt to have the jury infer that Levine might have had a motive to fabricate the robbery in order to defraud his insurance company, the defendant attempted to elicit testimony from Julius Levine that Levine had a drug habit, that his family was experiencing financial difficulties and that he previously had falsely reported robberies.[3] The state objected

---

[3] The following inquiries occurred:

"[Defense Counsel]: Do you have a drug problem?

"[Assistant State's Attorney]: Objection, Your Honor.

"[Julius Levine]: No.

"The Court: Yes, that's sustained. It's to be disregarded by the jury.

* * *

"[Defense Counsel]: Did you and [Janice Levine] have a discussion then about finances?

"[Julius Levine]: No.

"[Defense Counsel]: After she had [come] from the store?

"[Julius Levine]: About finances?

"[Defense Counsel]: Yeah, money?

"[Julius Levine]: No.

"[Defense Counsel]: You weren't having any financial problems then at all?

"[Assistant State's Attorney]: Objection, Your Honor.

"The Court: It's sustained.

"[Julius Levine]: No.

"The Court: That answer is to go out. The objection was sustained; therefore, the question isn't answered for the record.

* * *

"[Defense Counsel]: Have you ever been robbed before?

"[Assistant State's Attorney]: Objection.

"The Court: Do you claim it, counsel?

"[Defense Counsel]: I claim it.

"The Court: I'm going to have to excuse you, ladies and gentlemen, just for a moment, please. . . . The jury is out of the room. Go ahead, Attorney Johnson, what's your claim?

"[Defense Counsel]: Well, I think it's relevant because *to be proven later on in the case, if it was. If he has been robbed before or not, I want to know it. Possibly this was reported to get the insurance money. Possibly—I want to show that this person did have financial difficulties and may have had a drug habit, and that there really was no robbery like he says.*

to the questions, and the trial court sustained the state's objections on the ground that the information sought was irrelevant.

The defendant appealed to the Appellate Court, claiming that the trial court had improperly excluded this line of inquiry, thereby depriving him of his rights to confrontation and to present a defense. *State* v. *Barnes,* supra, 33 Conn. App. 611.[4] The Appellate Court concluded that because the defendant had made no offer of proof, the record was not sufficient to review his claim. *State* v. *Barnes,* supra, 611–12. Thereafter, this court granted the defendant's petition for certification on the question of whether the Appellate Court had properly concluded that it could not review the trial court's exclusion of the defendant's questions on cross-examination without an offer of proof. We conclude that the Appellate Court improperly determined that an offer of proof was required to preserve the record for appeal. In light of the record before us, however, we conclude that the trial court properly sustained the state's objection to the defendant's questions.

We first consider whether an offer of proof is required to preserve a record for appeal. This issue requires little discussion. In *State* v. *Santiago,* 224

"The Court: Well, counsel, with respect to the drug habit, the court has ruled on that.

"[Defense Counsel]: I know, Your Honor.

"The Court: And for the moment you have your exception. With respect to the other claims, for the moment it is a relevancy issue. The court is going to sustain the objection. I'll note an exception for you." (Emphasis added.)

[4] The defendant raised this claim before the Appellate Court under the sixth and fourteenth amendments to the United States constitution and article first of the Connecticut constitution. The Appellate Court limited its review to the defendant's federal claims because the defendant had failed to provide an independent analysis of his claim under the state constitution. *State* v. *Barnes,* supra, 33 Conn. App. 611 n.9.

Accordingly, we, too, limit our review to the defendant's claim under the federal constitution.

Conn. 325, 330–31 n.6, 618 A.2d 32 (1992), we stated that "[w]hile the defendant made no offer of proof to support the evidence to which the state objected, the defendant did take proper exceptions to the court's rulings and clearly stated that he was attempting to elicit evidence of bias. We are unaware of any of our cases, and the state has not presented us with any, requiring an offer of proof in order to preserve a claim of infringement [of] the right of cross-examination."[5] In *Santiago*, we decided that there was no requirement of an offer of proof to preserve the defendant's claim. We find no reason to depart from our conclusion in that case. We conclude, therefore, that the Appellate Court improperly concluded that an offer of proof was necessary in order to preserve the defendant's claim.

This conclusion, however, does not end our inquiry. We must also determine whether, under the facts of this case, the trial court properly denied the defendant the opportunity to cross-examine the victim with respect to purported drug use, financial problems and previous robberies. Our analysis of the defendant's claim is framed by the maxims of cross-examination. It is axiomatic "that the defendant is entitled fairly and fully to confront and to cross-examine the witnesses against him. U.S. Const., amends. VI, XIV; Conn. Const., art. I, § 8; *Davis* v. *Alaska*, 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *Chambers* v. *Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *Pointer* v. *Texas*, 380 U.S. 400, 403–404, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); *State* v. *Jones*, 167 Conn. 228, 232, 355 A.2d 95 (1974); *State*

---

[5] In its brief, the state conceded that "[t]he defendant is correct . . . that an offer of proof is not a necessary prerequisite for review of [this] claim . . . ." We emphasize that this holding is limited to questions posed on cross-examination. It does not affect any requirements for an offer of proof, in order to preserve an evidentiary claim for appellate review, in other instances.

v. *Luzzi*, 147 Conn. 40, 46, 156 A.2d 505 (1959)." *State* v. *Hackett*, 182 Conn. 511, 517, 438 A.2d 726 (1980). "The primary interest secured by confrontation is the right to cross-examination; *Douglas* v. *Alabama*, 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965); and an important function of cross-examination is the exposure of a witness' motivation in testifying. *Greene* v. *McElroy*, 360 U.S. 474, 496, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959). Cross-examination to elicit facts tending to show motive, interest, bias and prejudice is a matter of right and may not be unduly restricted. *State* v. *Lubesky*, 195 Conn. 475, 481–82, 488 A.2d 1239 (1985). In order to comport with the constitutional standards embodied in the confrontation clause, the trial court must allow a defendant to expose to the jury facts from which the jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. *Davis* v. *Alaska*, [supra, 318]; *State* v. *Lubesky*, supra, 482. *State* v. *Arline*, 223 Conn. 52, 60, 612 A.2d 755 (1992)." (Internal quotation marks omitted.) *State* v. *Santiago*, supra, 224 Conn. 331.

"The confrontation clause does not, however, suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination. *State* v. *Johnson*, 21 Conn. App. 291, 293, 573 A.2d 1218 (1990). Only relevant evidence may be elicited through cross-examination. *State* v. *Gaynor*, 182 Conn. 501, 509, 438 A.2d 479 (1980). The court determines whether the evidence sought on cross-examination is relevant by determining whether that evidence renders the existence of [other facts] either certain or more probable. . . . *State* v. *Kelly*, 208 Conn. 365, 376, 545 A.2d 1048 (1988)." (Internal quotation marks omitted.) *State* v. *Kelley*, 229 Conn. 557, 562, 643 A.2d 854 (1994).

The trial court has wide discretion to determine the relevancy of evidence and the scope of cross-examination. Every reasonable presumption should be

made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion. *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 569, 657 A.2d 212 (1995); *State* v. *Kelley*, supra, 229 Conn. 563; *State* v. *Hernandez*, 224 Conn. 196, 208, 618 A.2d 494 (1992); *State* v. *Willis*, 221 Conn. 518, 522, 605 A.2d 1359 (1992); *State* v. *Holliman*, 214 Conn. 38, 50, 570 A.2d 680 (1990); *State* v. *Parker*, 197 Conn. 595, 601, 500 A.2d 551 (1985).

The proffering party bears the burden of establishing the relevance of the offered testimony. "Unless such a proper foundation is established, the evidence . . . is irrelevant. [*Hall* v. *Burns*, 213 Conn. 446, 452, 569 A.2d 10 (1990)]." *Williams Ford, Inc.* v. *Hartford Courant Co.*, supra, 232 Conn. 571. This may be accomplished in one of three ways.

First, the defendant can make an offer of proof. See *State* v. *Kulmac*, 230 Conn. 43, 63, 644 A.2d 887 (1994); *State* v. *Conrod*, 198 Conn. 592, 597, 504 A.2d 494 (1986); *State* v. *Johnson*, 28 Conn. App. 708, 713, 613 A.2d 1344 (1992), aff'd, 227 Conn. 534, 630 A.2d 1059 (1993); *State* v. *James L.*, 26 Conn. App. 81, 85, 598 A.2d 663 (1991). Second, the record independently can be adequate to establish the relevance of the proffered testimony. See *State* v. *Santiago*, supra, 224 Conn. 332; see also *State* v. *Pittman*, 209 Conn. 596, 602–605, 553 A.2d 155 (1989); *State* v. *Hackett*, supra, 182 Conn. 517–20. Finally, the defendant can establish a proper foundation for the testimony by stating a "good faith belief" that there is an adequate factual basis for his inquiry. "A good faith basis on the part of examining counsel as to the truth of the matter contained in questions propounded to a witness on cross-examination is required." 1 C. McCormick, Evidence (4th Ed.) § 49, p. 187. A cross-examiner may inquire into the motivation of a witness if he or she has a good faith belief that a factual predicate for the question exists. See *United*

*States* v. *Peterson*, 808 F.2d 969, 978 (2d Cir. 1987); *Springer* v. *United States*, 388 A.2d 846, 855 (D.C. 1978); *State* v. *Gillard*, 40 Ohio St. 3d 226, 231, 533 N.E.2d 272 (1988). The defendant has failed to persuade us that he had established, by any of these methods, the relevance of the claimed testimony.

The defendant likens this case to *State* v. *Santiago*, supra, 224 Conn. 325, in which we determined that the trial court improperly denied the defendant the opportunity to cross-examine a key state's witness with respect to bias. In *Santiago*, the defendant attempted to question the witness about his involvement with the Hartford police department. In light of our review of the record in *Santiago*, we concluded that the defendant's line of inquiry was clearly supported by the evidence and relevant to the witness' bias, despite the fact that the defendant had made no offer of proof. In *Santiago*, the record indicated that the witness had been employed as a police officer and that the witness may have had a relationship with the Hartford police department. On that record, we concluded that "[i]t is always relevant to the issue of bias that a witness may have a relationship to the prosecuting authorities in a criminal case. To preclude exploration of such a relationship unduly restricts the defendant's right to cross-examination." Id., 332. Thus, in *Santiago*, the record independently was adequate to establish the relevance of evidence sought to be elicited.

We considered a similar claim in *State* v. *Hackett*, supra, 182 Conn. 517–18, in which the defendant claimed that the trial court had restricted his right to cross-examine witnesses to determine bias. The defendant had attempted to inquire whether the state's witness had been known by another name and whether he had encountered a particular person. The state objected on the ground that the questions were irrelevant, and the trial court sustained the objection. The

defendant made no offer of proof but argued that the question was a legitimate test of veracity. We concluded that "[t]his ruling was well within the trial court's discretionary power to exclude inquiry into matters too remote from the central issues in the case." Id., 518. Thus, in *Hackett*, there was no offer of proof, the record was not independently adequate to establish the relevance of the evidence, and the defendant did not claim that he had a good faith belief that there was an adequate factual basis for his inquiry. Our review of the record in this case leads us to the same conclusion.

In the present case, in addition to the absence of an offer of proof, the record does not provide an independent basis upon which the trial court should have concluded that the proffered testimony was relevant. Moreover, the defendant did not assert that he had a good faith belief that his inquiry had an adequate factual predicate. To the contrary, it is clear that the defendant had no basis whatsoever for inquiring into the witness' alleged drug use, financial problems or reports of previous burglaries. In his only effort to argue for the relevancy of any of these matters, the defendant stated that "[i]f [the victim] has been robbed before or not, I want to know it. Possibly this was reported to get the insurance money. Possibly—I want to show that this person did have financial difficulties and may have had a drug habit, and that there really was no robbery like he says." As the transcript clearly demonstrates, the defendant had no reason to believe that the victim had drug or money problems or previously had reported robberies. Indeed, the defendant attempted to use cross-examination as a tool to investigate purely speculative sources of witness bias, rather than as a tool to discredit testimony on the basis of a preexisting good faith belief that bias existed. "[I]t is entirely proper for a court to deny a request to present certain testimony that will further nothing more than

a fishing expedition . . . *Atlantic Richfield Co.* v. *Canaan Oil Co.*, 202 Conn. 234, 249, 520 A.2d 1008 (1987); or result in a wild goose chase. . . . *State* v. *Johnson*, 190 Conn. 541, 551, 461 A.2d 981 (1983)." (Internal quotation marks omitted.) *State* v. *Buster*, 27 Conn. App. 263, 276–77, 606 A.2d 9 (1992), aff'd, 224 Conn. 546, 620 A.2d 110 (1993). The record in this case establishes that the trial court did not abuse its discretion in disallowing the proposed cross-examination.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

