STATE OF CONNECTICUT *v.* CORNELL LEE
(AC 17827)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued January 25—officially released June 8, 1999

*Sarah F. Summons*, special public defender, for the appellant (defendant).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Joseph J. Harry*, assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-277 (a). He claims that the trial court improperly denied his motion to set aside the verdict because the evidence was insufficient to support his conviction. He also claims that the trial court improperly instructed the jury on (1) the difference between direct and circumstantial evidence, (2)

the law of reasonable doubt and (3) the jurors' duties. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 16, 1996, Detectives Ralph Confinante and Daniel Dumkowski observed many individuals entering and exiting a multifamily residence located in Bridgeport at 767 Maple Street, known to be a location where crack cocaine was bought and sold. On the basis of that observation, the detectives sent an informant to the residence to make a controlled purchase of narcotics. On August 27, 1996, the detectives sent the informant back to the same address to make another controlled purchase. On both occasions, the informant purchased narcotics from someone in the residence. The detectives obtained a search warrant for the apartment pursuant to that information.

The detectives, along with other officers from the Bridgeport police department, executed the search warrant on September 5, 1996. The officers knocked on the door, received no response and entered the apartment. Confinante entered first and observed two males in the kitchen. He asked two officers to detain those individuals while he continued down a hall. Confinante then saw the defendant exit a bathroom and heard the toilet flush. The defendant was searched and detained. Confinante searched the bathroom and found a torn brown paper bag stuck in the bottom of the toilet bowl. Upon closer observation, Confinante discovered that the brown paper bag contained a large plastic bag that contained several small plastic bags. The small bags contained a rock-like substance. Dumkowski counted 172 bags and a field test of its contents revealed the substance to be crack cocaine.

The officers found a total of five individuals inside the apartment: the defendant, Curtis Blue, Marcus Gregory, Sharon Golden and Vanessa Toddmann. They seized

approximately $350 from the individuals and various drug paraphernalia, such as crack pipes, empty drug packaging and pots used to cook cocaine. Detective William Heckley videotaped most of the execution of the search warrant. Heckley asked each of the detainees for his or her name, address and date of birth. While the other detainees gave the correct information, the defendant gave the officer a wrong name and refused to give his address. The defendant was sweating and declined to look at the camera while Heckley questioned him. The defendant was subsequently arrested and charged with possession of narcotics with intent to sell and criminal attempt to tamper with physical evidence.

At trial, the defendant testified that he had not committed the crimes charged. Toddmann, who was arrested with the defendant and pleaded guilty to the charge of possession of narcotics with intent to sell, testified that she was the one who had attempted to flush the drugs down the toilet.[1]

I

The defendant claims that his conviction was based on insufficient evidence. The defendant argues that the state relied on ambiguous and inherently unreliable circumstantial evidence to establish possession of the narcotics. He also argues that the evidence was insufficient to prove intent to sell. We disagree.

"Our courts utilize a two part analysis when reviewing a challenge to the sufficiency of evidence. *State* v. *Henning*, 220 Conn. 417, 420, 599 A.2d 1065 (1991). 'We first review the evidence in the light most favorable to sustaining the guilty verdict.' Id. 'We then determine

---

[1] The jury found the defendant not guilty of the tampering with physical evidence charge.

whether, upon the facts thus established and the inferences reasonably drawn therefrom, whether any rational trier of fact could have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt.' Id. In the review process, the probative force of the evidence is not diminished if it consists, in whole or in part, of evidence that is circumstantial rather than direct. Id., 420–21. Findings of fact that are consistent with guilt are afforded great deference unless they are improbable and unconvincing. *State* v. *Osman*, 218 Conn. 432, 437, 589 A.2d 1227 (1991)." *State* v. *Paredes*, 35 Conn. App. 360, 372, 646 A.2d 234, cert. denied, 231 Conn. 925, 648 A.2d 166 (1994).

## A

"In order to prove possession of a narcotic substance, the state must establish beyond a reasonable doubt that the accused knew of the character of the drug and its presence and exercised dominion and control over it. . . . Where, as in the present case, the contraband is not found on the defendant's person, the state must proceed on the alternate theory of constructive possession, that is, possession without direct physical contact. . . . Where the defendant is not in exclusive possession of the premises where the narcotics are found, it may not be inferred that [the defendant] knew of the presence of the narcotics and had control of them, unless there are other incriminating statements or circumstances tending to buttress such an inference." (Internal quotation marks omitted.) *State* v. *Thompson*, 46 Conn. App. 791, 797–98, 700 A.2d 1198 (1997).

In the present case, there was sufficient indicia of constructive possession to support the defendant's conviction. The defendant was found in a residence that was known as a place where crack cocaine was used

and sold. An officer saw the defendant exit the bathroom and heard the toilet flush. The toilet contained bags of crack cocaine. The defendant was sweating when confronted and provided a false name to the police and refused to give an address. On the basis of the cumulative effect of the foregoing evidence, the jury reasonably could have found that the defendant was in possession of the narcotics.[2]

## B

There was sufficient evidence of the defendant's intent to sell narcotics to support his conviction. "Proof of intent is usually established through circumstantial evidence, from which the jury may draw reasonable and logical inferences. . . . The quantity of narcotics found in the defendant's possession [is] probative of whether the defendant intended to sell the drugs." (Citations omitted; internal quotation marks omitted.) *State* v. *Frazier*, 39 Conn. App. 369, 379–80, 665 A.2d 142 (1995). "Also indicative of the defendant's intent to sell narcotics is the manner in which the narcotics are packaged. . . . Evidence demonstrating that the defendant was present in a known drug trafficking area further suggests an intent to sell." (Citations omitted; internal quotation marks omitted.) *State* v. *Glenn*, 30 Conn. App. 783, 793, 622 A.2d 1024 (1993).

In this case, there was sufficient evidence to establish that the defendant had an intent to sell the drugs. The

[2] The defendant claims that because Toddmann testified that she had attempted to flush the drugs down the toilet, the jury convicted the wrong person. We find no merit to this claim. "[T]he [jury] is free to juxtapose conflicting versions of events and determine which is more credible. . . . It is the [jury's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses. . . . The [jury] can . . . decide what—all, none, or some—of a witness' testimony to accept or reject. *State* v. *Marsala*, 44 Conn. App. 84, 96, 688 A.2d 336, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997). . . . *State* v. *Foster*, 45 Conn. App. 369, 379, 696 A.2d 1003, cert. denied, 243 Conn. 904, 701 A.2d 335 (1997)." (Internal quotation marks omitted.) *State* v. *Pauling*, 47 Conn. App. 483, 487–88, 706 A.2d 981 (1998).

defendant was in a residence notorious for crack cocaine use and trafficking. He constructively possessed 172 bags of narcotics, and drug packaging materials were found in the apartment. "The quantity of [drugs] is consistent with street level narcotics sales and [is] indicative of the defendant's intent to sell the narcotics. The large number of bags of narcotics in the defendant's possession is a fact from which the inference of possession with intent to sell can be drawn. *State* v. *Bowens*, 24 Conn. App. 642, 649, 591 A.2d 433, cert. denied, 220 Conn. 906, 593 A.2d 971 (1991)." *State* v. *Glenn*, supra, 30 Conn. App. 794.

In light of the foregoing, we conclude that there was sufficient evidence for the jury to convict the defendant of possession of a narcotic substance with intent to sell.

## II

The defendant next makes three separate claims that the trial court's instructions were improper. Because these claims were not preserved at trial, the defendant requests review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3]

"In reviewing a constitutionally based challenge to the court's instructions to the jury, we must examine the

---

[3] In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks omitted.) *State* v. *Shinn*, 47 Conn. App. 401, 409, 704 A.2d 816 (1997), cert. denied, 244 Conn. 913, 914, 713 A.2d 832, 833 (1998).

charge as a whole to determine whether it is reasonably possible that the jury was misled by the challenged instruction. . . . The charge is not to be judged in artificial isolation from the overall charge. . . . An error in the charge requires reversal only if, in the context of the whole instruction, there is a reasonable possibility that the jury was misled in reaching its verdict." (Citations omitted; internal quotation marks omitted.) *State v. Barnes*, 33 Conn. App. 603, 607, 637 A.2d 398 (1994), aff'd, 232 Conn. 740, 657 A.2d 611 (1995).

## A

The defendant first asserts that the trial court inadequately charged the jury on the difference between direct and circumstantial evidence. At jury selection, the trial court gave preliminary instructions on direct and circumstantial evidence. The court also gave the jury instructions on direct and circumstantial evidence after the close of evidence.[4] The defendant claims that the court's instructions at the close of evidence were incomplete and confused the jury and diluted the state's burden of proof. He further argues that the trial court divided its explanation of circumstantial evidence between the preliminary and the final jury charge,

---

[4] The trial court instructed the jury as follows: "Proof beyond a reasonable doubt does not mean that you must have direct evidence supporting the fact. You may apply the rule of circumstantial evidence. This rule involves the offering of evidence or facts from which you are asked to infer the existence of another fact or set of facts. While you must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying these conclusions need not be proven beyond a reasonable doubt. If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all of the evidence proves the defendant guilty of all of the elements of the crime beyond a reasonable doubt. It is your right to draw inferences if you conclude that the facts you find proven reasonably establish other facts by reason and logic and are not the result of speculation, surmise or guesswork."

which resulted in merging the definition of circumstantial evidence into the definition of direct evidence.

The defendant's claim is reviewable under *Golding* because the record is adequate for review and the claim implicates the fundamental constitutional right that the state establish guilt beyond a reasonable doubt. *State* v. *James*, 211 Conn. 555, 580–81, 560 A.2d 426 (1989); *State* v. *Miller*, 202 Conn. 463, 489–90, 522 A.2d 249 (1987). The claim fails, however, because the alleged constitutional violation did not clearly deprive the defendant of a fair trial.

As a threshold matter, we note that the defendant maintains that we should resolve his claim by close scrutiny of the court's circumstantial evidence instruction in isolation from the remainder of the charge. He argues that because the case was primarily proven by circumstantial evidence and because that instruction diluted the state's burden of proof, this method of analysis is appropriate. We disagree. *State* v. *Gonzalez*, 206 Conn. 213, 227–28, 537 A.2d 460 (1988); *State* v. *Hufford*, 205 Conn. 386, 408, 533 A.2d 866 (1987).

"In considering the harmfulness of an erroneous instruction on circumstantial evidence, we have distinguished between cases where circumstantial evidence is the primary proof of an element of the crime and those where direct testimony plays the major role. Where the principal factual issue at trial is intent, which is typically proven by circumstantial evidence, we will closely scrutinize the court's instructions on circumstantial evidence, in isolation from the remainder of the charge, to determine whether the court misled the jury as to the state's burden of proof. . . . Unlike intent, such issues as identity and whether the crime charged has occurred, are ordinarily proved by direct testimony with circumstantial evidence playing a subordinate role." (Citation omitted; internal quotation marks omitted.)

*State* v. *McDonough,* 205 Conn. 352, 358, 533 A.2d 857 (1987), cert. denied, 485 U.S. 906, 108 S. Ct. 1079, 99 L. Ed. 2d 238 (1988). In this case, the principal disputed issue was whether the crime occurred. The defendant denied that he committed the crime and claimed that Toddmann was the person who had put the drugs in the toilet. Because the ultimate factual issue was the credibility of the conflicting testimony of the witnesses and was not dependent on circumstantial evidence, we review the trial court's instruction as a whole to determine whether it is reasonably possible that the jury was misled.

After a review of both the preliminary and final instructions, we conclude that the trial court did not misstate the rule of circumstantial evidence. During its final charge, the trial court stated that "[w]hile you must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying these conclusions need not be proven beyond a reasonable doubt." The defendant claims that the trial court's statement of the rule of circumstantial evidence confused and misled the jury and led to a dilution of the state's burden of proof.[5] In several cases, however, this court and our Supreme Court have used almost the same language as given in the trial court's instruction.

---

[5] In numerous cases, this court and our Supreme Court have consistently recognized the constitutional inadequacy of a trial court's instruction that an inference must be not only logical and reasonable, but strong enough so that the jury could find "it is *more probable than not* that the fact to be inferred is true"; (emphasis in original; internal quotation marks omitted) *State* v. *Whelan,* 200 Conn. 743, 755, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986); because the charge diluted the state's burden of proof. See *State* v. *Hufford,* supra, 205 Conn. 406–407; *State* v. *Rodgers,* 198 Conn. 53, 57–59, 502 A.2d 360 (1985); *State* v. *Reddick,* 197 Conn. 115, 131–32, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); *State* v. *Dullivan,* 10 Conn. App. 474, 477–78, 523 A.2d 1353 (1987); *State* v. *Farrar,* 7 Conn. App. 149, 152–56, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986).

See *State* v. *Lewis*, 245 Conn. 779, 786, 717 A.2d 1140
(1998); *State* v. *Torres*, 242 Conn. 485, 489–90, 698 A.2d
898 (1997); *State* v. *Teti*, 50 Conn. App. 34, 39, 716 A.2d
931, cert. denied, 247 Conn. 921, 722 A.2d 812 (1998);
*State* v. *Bond*, 49 Conn. App. 183, 193, 713 A.2d 906,
cert. denied, 247 Conn. 915, 722 A.2d 808 (1998). Accord-
ingly, we find that the trial court's circumstantial evi-
dence instruction could not reasonably have misled the
jury as to the state's burden of proof and thus did not
deprive the defendant of a fair trial. Furthermore, we
find no merit to the defendant's other claim that the trial
court merged the definition of circumstantial evidence
into the definition of direct evidence.

B

The defendant next argues that the trial court improp-
erly instructed the jury on the definition of reasonable
doubt and the jurors' duties on deciding guilt.[6] Specifi-
cally, the defendant claims that the instruction was
inadequate because the trial court explained reasonable
doubt by describing what a reasonable doubt is not
and used the word "reasonable" in its definition.[7] The
defendant failed to preserve this claim at trial and now
seeks review under *State* v. *Golding*, supra, 213 Conn.

---

[6] The defendant does not cite to a specific portion of the charge for his
claim of inadequate instruction on the jurors' duties. We, therefore, will
consider this claim as a further challenge to the trial court's instruction as
to reasonable doubt.

[7] The trial court gave the following instruction as to reasonable doubt:
"Every person, as you know, charged with the commission of a crime is
presumed to be innocent until proven guilty. This means that at the time
the accused was presented here for trial, he stood before you free from any
bias, prejudice or burden arising from his position as the accused, and that
so far as you are concerned, he then was innocent and he continues to be
innocent until such time as the evidence and the matters produced here in
the orderly conduct of the trial satisfy you beyond a reasonable doubt that
he is guilty.

"The accused does not have to prove that he did not commit the offense.
The state must prove that he did. The presumption of innocence applies to

239–40. The defendant concedes that both this court and our Supreme Court have rejected similar claims but urges this court to reconsider precedent. "This, we cannot do. We will not reexamine or reevaluate Supreme Court precedent. Whether a Supreme Court holding should be reevaluated and possibly discarded is not for this court to decide. . . . As a result, the defendant is not entitled to *Golding* review of this issue." (Citations omitted; internal quotation marks omitted.) *State* v. *Eason*, 47 Conn. App. 117, 123, 703 A.2d 130 (1997), cert. denied, 243 Conn. 962, 705 A.2d 552 (1998).

The judgment is affirmed.

In this opinion the other judges concurred.

---

each and every element of the crime. And I will define and explain those elements to you in a moment. The presumption of innocence does not have the effect of evidence itself. Its only effect is to place upon the state the burden of proving the defendant's guilt beyond a reasonable doubt.

"A reasonable doubt is not a doubt that is raised by one questioning simply for the sake of a doubt. It is not a surmise or a guess or a speculation or a doubt not founded upon the evidence or lack of evidence. It is not hesitation arising from feelings of sympathy or pity for the accused or his family. A reasonable doubt is one that is based upon reason and which grows out of the evidence or lack of evidence in the case. A reasonable doubt is one that is reasonable in light of all of the evidence and one that is honestly entertained after a thorough and careful examination of all of the evidence in the case.

"An absolute demonstration of guilt is not required to convict. The demonstration of guilt need be only beyond a reasonable doubt, one that a reasonable person can reasonably entertain after a fair evaluation of all of the evidence in the case.

"The state does not have to prove every fact that comes into issue. It is only the essential elements of the crime which I will explain to you that must be proved beyond a reasonable doubt."